New Jersey Department of Labor,
Workmen's Compensation Bureau.

LAURA E. OPDYKE, PETITIONER, v. MORGAN COWPER-
THWAITE, RESPONDENT.

1. This is a proceeding brought under laws of the State of New Jersey, known as the Workmen's Compensation act, by Laura E. Opdyke, petitioner, and against Morgan Cowperthwaite, respondent, claiming compensation to which she might be entitled by reason of the death of her husband.

2. A formal petition was filed December 15th, 1927, claiming compensation for the petitioner and her daughter, who was alleged to be a tubercular patient in a sanitarium and is twenty-five years old. The petition alleges that the deceased, while in the employ of the respondent, was riding on the employer's horse in the performance of his duties on the employer's estate. Trucks had been using a private road on the estate and the decedent had gone out to the road on horseback in order to protect his employer's property and interests. While doing so the deceased was thrown from the horse and suffered such severe injuries that he died on February 9th, 1927; said accident occurring on the same date.

3. Respondent filed an answer to the petition and denied that the accident arose out of and in the course of the decedent's employment with the respondent. According to the respondent the deceased was engaged as a gardener, and had no occasion to be riding horseback on the road on the estate, and had been ordered not to ride horseback. The respondent further claimed that the sole duties of the deceased were to act as a gardener.

4. The wages of the deceased were $100 a month.

5. The respondent had notice of the accident.

6. Death was caused as a result of the accident.

In view of the controversy which has arisen and the serious question of law and fact involved in the case, it is hereby stipulated and agreed between the respective parties that the above matter be settled on the following basis:

1. Allowance is to be made for the two dependents and payment to be made at the rate of $8 per week for two hundred and fifty weeks, in accordance with the provisions of the Workmen's Compensation act.

2. Respondent is to pay the funeral expense up to $150.

3. Respondent is to pay medical expense in the amount of $138 and make reimbursement to the petitioner for medical expense in the amount of $60.

4. Counsel for the petitioner is entitled to a counsel fee of $200, payable $125 by the respondent and $75 by the petitioner.

CHARLES E. CORBIN,<br>
<em>Deputy Commissioner.</em>